UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOHN I. JUST-BUDDY,** as the Personal Representative of the Estate of **LUCILLE L. JUST-BUDDY**, and **DIONNE KINGSBURY,** as the Personal Representative of the Estate of **RONALD KINGSBURY,** on behalf of themselves and all others similarly situated**,**<br><br>Plaintiffs,<br><br>-vs.-<br><br>**MURIEL BOWSER**, in her official capacity as Mayor of the District of Columbia, and **LAURA GREEN ZEILINGER**, in her official capacity as the Director of the District of Columbia Department of Human Services,<br><br>Defendants | **COMPLAINT**<br>**(Class Action)** |

INTRODUCTION

1.   John Just-Buddy ("Mr. Just-Buddy"), in his capacity of as the Personal Representative of the estate of his mother Lucille Just-Buddy ("Ms. Just-Buddy"), and Dionne Kingsbury ("Ms. D. Kingsbury"), in her capacity as the Personal Representative of the estate of her father, Ronald Kingsbury ("Mr. Kingsbury"), bring this action on behalf of themselves and all others similarly situated because, notwithstanding the fact that Ms. Just-Buddy was survived by a disabled daughter, Guilqhler J. Payne ("Ms. Payne"), and notwithstanding the fact that Mr. Kingsbury was survive by a disabled daughter, Jennifer Kingsbury ("Ms. J. Kingsbury"), Defendants Muriel Bowser ("Mayor Bowser"), in her official capacity as Mayor of the District of Columbia, and Laura Green Zeilinger ("Ms. Zeilinger"), in her official capacity as the Director of the District of Columbia Department of Human Services ("DHS") (collectively "Defendants"), required Mr. Just-Buddy to pay DHS back, out of the estate of Ms. Just-Buddy, for Medicaid services Ms. Just-Buddy had received during her lifetime from DHS,

{741767:}

and has demanded that Ms. D. Kingsbury pay DHS back, out of the estate of Mr. Kingsbury, for Medicaid services Mr. Kingsbury had received during his lifetime from DHS.  By doing so, Defendants violated 42 U.S.C. § 1983 in that they violated 42 U.S.C. § 1396p(b)(2)(A) and 42 C.F.R. § 433.36(h)(2) which prohibit such estate recoveries when the decedent is survived by, among others, a disabled child.

2. As will be discussed below, upon information and belief, Defendants have a policy or practice of requiring estates of persons who have received Medicaid benefits from DHS and who have died leaving a surviving disabled child, a child under 21 or a spouse, to pay back DHS for those benefits.  Accordingly Mr. Just-Buddy and Ms. Kingsbury bring this case as a class action.

## JURISDICTION

3. This Court has jurisdiction of this action under 28 U.S.C. § 1331.

## VENUE

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(1).

## PARTIES

5. Mr. Just-Buddy is a resident of Georgia.

6. Ms. D. Kingsbury is a resident of the District of Columbia.

7. Mayor Bowser is the Mayor of the District of Columbia and has an office located at 1350 Pennsylvania Avenue NW, Washington D.C., 20004.  Mayor Bowser has overall responsibility for city services in the District of Columbia, including its Medicaid program.

8. Ms. Zeilinger is the Director of DHS and has an office at 64 New York Avenue, Washington, D.C. 20002.  As Director of DHS, Ms. Zeilinger is responsible for overseeing the Medicaid program in the District of Columbia, including estate recoveries.

## STATUTORY AND REGULATORY BACKGROUND

9. Medicaid, established under Title XIX of the Social Security Act, is a joint federal/state program that provides medical assistance to financially needy persons who are aged 65 or over, blind, disabled, or members of families with dependent children. 42 U.S.C. § 1396 et seq.; 42 C.F.R. § 430 et seq. As a condition of receiving federal reimbursement for part of its Medicaid expenditures, each state Medicaid program must meet various conditions of participation set forth in the federal Medicaid laws and regulations. 42 U.S.C. § 1396a et seq., 42 C.F.R. § 431.40 et seq. The District of Columbia is treated like a state for the purposes of the Medicaid program.

10. Each state and the District of Columbia must have a single state agency to oversee the program. In the District of Columbia, that agency is DHS.

11. In pertinent part, 42 U.S.C. § 1396p(b) provides that Medicaid agencies like DHS may, under certain circumstances, recover payment for the Medicaid benefits DHS provided persons during their lifetime, from their estates and/or their real property.

12. 42 U.S.C. § 1396p(b)(2)(A) specifically prohibits any recovery from a Medicaid recipient's estate if the Medicaid recipient leaves a surviving spouse, child under 21 or disabled child as defined in 42 U.S.C. § 1382c.

13. 42 C.F.R. § 433.36(h)(2)(ii) contains the same prohibition.

## FACTS

### Ms. Just-Buddy

14. On January 27, 2015, Ms. Just-Buddy, who had received Medicaid benefits from the District of Columbia during her lifetime, passed away.

15. Ms. Just-Buddy was and is survived by her son, Mr. Just-Buddy, and her daughter Ms. Payne.

16. Ms. Payne was determined disabled years before Ms. Just-Buddy's death and continues to be disabled.

17. Mr. Just-Buddy was appointed the Personal Representative of Ms. Just-Buddy's estate by the District of Columbia Superior Court Probate Division ("Probate Court") on January 7, 2016. *In re: Lucille Just-Buddy,* 2015 ADM 000175.

18. On or about December 9, 2015, Mr. Just-Buddy received a claim from DHS on the estate of Ms. Just-Buddy in the amount of $38,096.21 for repayment of Medicaid benefits DHS had provided to Ms. Just-Buddy during her lifetime.

19. Mr. Just-Buddy informed DHS that Ms. Just-Buddy was survived by her disabled daughter, Ms. Payne.

20. Nevertheless, DHS insisted that Mr. Just-Buddy repay DHS from the estate of Ms. Just-Buddy for Medicaid benefits DHS provided to Ms. Just-Buddy during her lifetime.

21. Given DHS insistence on being repaid, Mr. Just-Buddy paid DHS $38,096.21 from Ms. Just-Buddy's estate, and DHS filed a Satisfaction and Release of Claim with the Probate Court on February 18, 2016.

22. Upon information and belief, Defendants have and have had a policy or practice of requiring estates of persons — who have received Medicaid benefits from the DHS and who have died leaving as a survivor any of the persons listed in D.C. Mun. Regs. Tit. 29, § 6702.1, i.e., a decedent's disabled child, a decedent's child under 21, or a spouse — to pay back DHS for those benefits even though any of persons listed in D.C. Mun. Regs. Tit. 29, § 6702.1 is still living.  Defendants' policy or practice violated and violates 42 U.S.C. § 1983 in that it violated and violates 42 U.S.C. § 1396p(b)(2) and 42 C.F.R. § 433.36(h)(2).

23. Accordingly, Mr. Just-Buddy, as the Personal Representative of the estate of Ms. Just-Buddy, is bringing the instant action on behalf of himself and all others similarly situated.

Mr. Kingsbury

24. On November 10, 2015, Mr. Kingsbury, who had received Medicaid benefits from the District of Columbia during his lifetime, passed away.

25. Mr. Kinsgsbury was and is survived by her daughters, Ms. D. Kingsbury and Ms. J. Kingsbury.

26. Ms. J. Kingsbury was determined to be disabled years before Mr. Kingsbury's death and continues to be disabled.

27. Ms. D. Kingsbury was appointed the Personal Representative of Mr. Kingsbury's estate by the District of Columbia Superior Court Probate Division ("Probate Court") on February 11, 2016.

28. On August 22, 2016, Ms. D. Kingsbury received a claim from DHS on the estate of Mr. Kingsbury in the amount of $76,521.87 for repayment of Medicaid benefits DHS had provided to Mr. Kingsbury during his lifetime.

29. Ms. D. Kingsbury informed DHS that Mr. Kingsbury was survived by her disabled daughter, Ms. J. Kingsbury.

30. Nevertheless, DHS continues to insist that Ms. D. Kingsbury repay DHS from the estate of Mr. Kingsbury for Medicaid benefits DHS provided to Mr. Kingsbury during his lifetime.

31. Upon information and belief, Defendants have and have had a policy or practice of requiring estates of persons — who have received Medicaid benefits from the DHS and who have died leaving as a survivor any of the persons listed in D.C. Mun. Regs. Tit. 29, § 6702.1, i.e., a decedent's disabled child, a decedent's child under 21, or a spouse — to pay back DHS for those benefits even though any of persons listed in D.C. Mun. Regs. Tit. 29, § 6702.1 is still living. Defendants' policy or practice violated and violates 42 U.S.C. § 1983 in that it violated

and violates 42 U.S.C. § 1396p(b)(2) and 42 C.F.R. § 433.36(h)(2).

32. Accordingly, Ms. D. Kingsbury, as the Personal Representative of the estate of Mr. Kingsbury, is bringing the instant action on herself and all others similarly situated.

## CLASS ALLEGATIONS

33. Mr. Just-Buddy and Ms. D. Kingsbury bring this class action on behalf of themselves and all others similarly situated under rules 23(a) and 23(b)(1)-23(b)(3) of the Federal Rules of Civil Procedure.

34. Mr. Just-Buddy and Ms. D. Kingsbury seek to represent the following Class of persons (the "Class) and Mr. Just-Buddy also seeks to represent a subclass of persons (the "Subclass") defined as follows:

Class: All estates of persons for the last three years and all present and future estates of persons — who had, have, or will have had received Medicaid benefits from DHS during their lifetimes and who have died leaving as a survivor any of the persons listed in D.C. Mun. Regs. Tit. 29, § 6702.1 — from which estates DHS demanded, is demanding and/or will demand repayment for such Medicaid benefits while any of persons listed in D.C. Mun. Regs. Tit. 29, § 6702.1 is still living.

Subclass: All estates of persons for the last three years and all present and future estates of persons — who had, have or will have had received Medicaid benefits from DHS during their lifetimes and who have died leaving as a survivor any of the persons listed in D.C. Mun. Regs. Tit. 29, § 6702.1 — from which estates DHS demanded, is demanding and/or will demand repayment for such Medicaid benefits while any of persons listed in D.C. Mun. Regs. Tit. 29, § 6702.1 is still living, where such estates made such payments or will make such payments to DHS.

35. Upon information and belief, the Class has more than 40 members.

36. Upon information and belief, the Subclass has more than 40 members.

37. There are questions of fact and law common to the of the Class, including, but not limited to, whether Defendants' policy or practice of requiring estates of persons — who have received Medicaid benefits from the DHS and who have died leaving as a survivor any of the persons listed in D.C. Mun. Regs. Tit. 29, § 6702.1, to pay back DHS for those benefits while any of the persons listed in D.C. Mun. Regs. Tit. 29, § 6702.1 is still living — violated, violates and/or will violate 42 U.S.C. § 1983 in that it violated, is violating and/or will violate 42 U.S.C. § 1396p(b)(2) and 42 C.F.R. § 433.36(h)(2); and (ii) the remedies available to members of Class.

38. There are questions of fact and law common to the Subclass, including, but not limited to, whether Defendants' policy or practice of requiring estates of persons — who have received Medicaid benefits from the DHS and who have died leaving as a survivor any of the persons listed in D.C. Mun. Regs. Tit. 29, § 6702.1, to pay back DHS for those benefits while any of the persons listed in D.C. Mun. Regs. Tit. 29, § 6702.1 is still living — violated, violates and/or will violate 42 U.S.C. § 1983 in that it violated, is violating and/or will violate 42 U.S.C. § 1396p(b)(2) and 42 C.F.R. § 433.36(h)(2); and (ii) the remedies available to members of the Subclass.

39. The claims of Mr. Just-Buddy and Ms. D. Kingsbury are typical of the claims of the Class and the claims of Mr. Just-Buddy are typical of the claims of the Subclass, and Mr. Just-Buddy and Ms. D. Kingsbury will adequately represent the interests of the Class and Mr. Just-Buddy will adequately represent the interests of the Subclass  There is no conflict of interest among Mr. Just-Buddy, Ms. D. Kingsbury and the members of the Class and the Subclass.  All members of the Class and Subclass would benefit by a judgment requiring Defendant to stop demanding repayment from Class and Subclass members while any persons

listed in D.C. Mun. Regs. Tit. 29, § 6702.1 is still living. All members of the Subclass would benefit by a money judgment against Defendants requiring that they repay to the members of the Subclass the funds the members of the Subclass paid to Defendants, plus interest.

40. Mr. Just-Buddy and Ms. D. Kingsbury are represented by counsel experienced in federal and state court actions concerning Medicaid benefits and in class actions.

41. Defendants have acted or refused to act on grounds applicable to members of the Class and Subclass as a whole, and therefore injunctive relief and corresponding declaratory relief are appropriate.

## AS AND FOR A FIRST CAUSE OF ACTION

42. Mr. Just-Buddy and Ms. D. Kingsbury repeat and reallege all of the allegations set forth in all of the above paragraphs as though fully set forth herein.

43. By virtue of the foregoing, Defendants have violated, are violating and will violate 42 U.S.C. § 1983 in that they have violated, are violating and will violate 42 U.S.C. § 1396p(b)(2) and 42 C.F.R. § 433.36(h)(2).

WHEREFORE, Mr. Just-Buddy and Ms. D. Kingsbury and the members of the Class and the Subclass pray for a judgment:

A. Certifying the Class and the Subclass appointing Mr. Just-Buddy and Ms. D. Kingsbury as the representatives of the Class and Mr. Just-Buddy as the representative of the Subclass, and appointing Mr. Just-Buddy's and Ms. D. Kingsbury's attorneys as Class and Subclass counsel;

B. Declaring that Defendants' policy or practice of requiring estates of persons — who have received Medicaid benefits from DHS and and who have died leaving as a survivor any of the persons listed in D.C. Mun. Regs. Tit. 29, § 6702.1 — to pay back DHS for those benefits while any of those persons is still living, violated, violates and will violate 42 U.S.C. §

8

1983 in that it violated, violates and will violate 42 U.S.C. § 1396p(b)(2) and 42 C.F.R. § 433.36(h)(2);

    C.    Ordering Defendants to cease demanding and requiring Class and Subclass members — estates of persons, who have received Medicaid benefits from the DHS and who have died leaving any of the persons listed in D.C. Mun. Regs. Tit. 29, § 6702.1 still living, — to pay back DHS for those benefits while any of those persons is still living;

    D.    Ordering Defendants to repay to the members of the Subclass the funds the members of the subclass paid to Defendants, plus interest;

    E.    Ordering Defendants to pay Mr. Just-Buddy, Ms. D. Kingsbury and the Class and Subclass members' attorneys' fees, expenses and costs of this action pursuant to 42 U.S.C. § 1988; and

    F.    Ordering such further and other relief as this Court shall deem just and proper.

Dated: White Plains, New York
April 3, 2017

**BELLIN & ASSOCIATES LLC**

By: *[signature]*
Aytan Y. Belin, Esq.
50 Main Street, Suite 1000
White Plains, NY 10606
Phone: (914) 358-5345
Fax: (212) 571-0284
aytan.bellin@bellinlaw.com

**FORSTER LAW FIRM**
By: Michael C. Forster, Esq.
    (motion for admission *pro hac vice* to be filed shortly)
2007 Vermont Avenue, NW
Washington, D.C. 20001
Tel: (202) 400-2489

Fax: (202) 697-4984
michael@forsterlawfirm.com

**RON M. LANDSMAN, P.A.**
By: Ron M. Landsman, Esq.
   (motion for admission *pro hac vice* to be
   filed shortly)
200-A Monroe Street, Suite 110
Rockville, Maryland 20850

*Attorneys for Mr. Just-Buddy, Ms. D.
Kingsbury and for the Proposed Class and
Subclass*